FILED'09 FEB 11 13:06USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

MICHAEL WADE DUDLEY,

          Petitioner,

    v.

SHANE HAGEY,

        Respondent.

Civil No. 08-3042-BR

OPINION AND ORDER

**John P. Eckrem**
PO Box 711
Medford, OR  97501

    Attorney for Petitioner

**JOHN KROGER**
Attorney General
**LYNN DAVID LARSEN**
Attorney In Charge
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED,** and this action is **DISMISSED.**

### BACKGROUND

On July 23, 2001, Petitioner was convicted on charges of Sodomy and Failure to Register as a Sex Offender. Petitioner did not directly appeal the judgment of conviction. On May 16, 2002, Petitioner signed a petition for state post-conviction relief ("PCR"). The PCR trial court dismissed the petition. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. On June 7, 2007, the PCR appellate judgment issued.

On April 10, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Respondent argues the Petition should be denied as untimely. Petitioner did not file a reply brief.

### DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act imposes a one-year limitation period on habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Section 2244(d)(2) provides tolling of the one-year period for all of "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Time elapsed after the conviction is final and before a state PCR filing, and time after final disposition of the PCR and before filing of the federal petition counts against the year. *Nino v. Galaza*, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

Here, Petitioner did not file his federal petition within the limitation period.   More than 365 days accrued between the finality of Petitioner's conviction and filing of the state PCR petition and the time between disposition of the PCR petition and filing of the instant petition. As such, the Petition for Writ of Habeas Corpus is untimely, and this action must be dismissed.

### CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.
DATED this _10^on_ day of February, 2009.

_Anna Brown_

ANNA J. BROWN
United States District Judge